IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **VAMSIDHAR VURIMINDI,**<br>*Plaintiff*<br><br>v.<br><br>**JOSE M. CORREA**, Field Office Director, San Antonio, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, **SEAN ERVIN**, Field Office Director, Philadelphia, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, **KERRY E. DOYLE**, Principal Legal Advisor, Office of the Principal Legal Advisor, **MELODY BRUKIEWA**, Chief Counsel for Baltimore Office of the Principal Legal Advisor, **JOANN MCLANE**, Chief Counsel for San Antonio Office of the Principal Legal Advisor, **DAVID L. NEAL**, Acting Chief Immigration Judge,  **ALEJANDRO MAYORKAS**, Secretary, U.S. Department of Homeland Security, **DANIEL H. WEISS**, Acting Chief Immigration Judge, **TAE D. JOHNSON**, Director, U.S. Immigration and Customs Enforcement, **MERRICK GARLAND**, Attorney General of the United States, **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**, and **U.S. DEPARTMENT OF HOMELAND SECURITY,**<br>*Defendants* | **CASE NO. 1:23-CV-00262-LY-SH** |

<u>**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**</u>

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Complaint for Declaratory, Mandamus, and Injunctive Relief

5 U.S.C. § 702 (Administrative Procedure Act) (Dkt. 1), Motion to Appoint Counsel (Dkt. 1),

1

Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Application for Permission to File Electronically (Dkt. 3), all filed March 10, 2023. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 4.

## I. Background

Plaintiff alleges that he became a Lawful Permanent Resident ("LPR") of the United States in 2008. Dkt. 1 (Complaint) ¶ 2. On September 23, 2015, the U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") initiated removal proceedings against Plaintiff under 8 U.S.C. § 1227(a)(2)(E)(i) and § 1227(a)(2)(A)(iii) and lodged a detainer against his release from Pennsylvania Department of Corrections. *Id.* On February 7, 2017, an immigration judge held that Plaintiff was removable under 8 U.S.C. 1227(a)(2)(E)(i) based on his conviction for misdemeanor stalking under Pennsylvania state law, 18 PA. STAT. AND CONS. STAT. § 2709.1(a)(1). *Id.* ¶ 3. The Board of Immigration Appeals ("BIA") affirmed the decision on appeal and issued a final removal order on July 7, 2017. *Id.* The BIA reopened and administratively closed Plaintiff's removal proceedings on October 10, 2017, but it reinstated its final removal order on April 9, 2019. *Id.* ¶ 17.

Plaintiff appealed the BIA orders to the United States Court of Appeals for the Third Circuit, which held that Plaintiff's offense of conviction does not qualify as a removable offense. *Vurimindi v. Attorney Gen. United States*, 46 F.4th 134, 148 (3d Cir. 2022). The court vacated the BIA orders and remanded to the agency for further proceedings. *Id.* Plaintiff then filed a motion to terminate removal proceedings with the BIA. Dkt. 1 ¶ 4. Plaintiff alleges that the BIA has not terminated his removal proceedings and, as of the filing date of the Complaint, the BIA case docket shows that

Plaintiff is ordered to be removed from the United States. *Id.* ¶¶ 5, 33. Plaintiff also alleges that, despite his request, DHS and ICE refuse to terminate their supervision and reporting requirements, summoning him from Austin to San Antonio, Texas for reporting. *Id.* ¶¶ 4, 32.

On December 1, 2022, Plaintiff filed a petition for a writ of mandamus asking the Third Circuit to compel the BIA to terminate his removal proceedings. *In re Vurimindi*, No. 22-3279, 2022 WL 18000053, at *1 (3d Cir. Dec. 30, 2022).[1] The Third Circuit denied the petition on the basis that Plaintiff had not shown that the BIA was unreasonably withholding or delaying its disposition. *Id*. On February 27, 2023, Plaintiff filed a second writ of mandamus seeking the same relief, which remains pending. *In re Vurimindi*, No. 23-1334 (3d Cir. Feb. 27, 2023). The same day, Plaintiff filed suit in this district court against federal immigration officials for declaratory, injunctive, and mandamus relief related to the defendants' failure to provide him with documentation of his legal status. *Vurimindi v. Mayorkas*, No. 1:23-CV-00220-LY-SH (W.D. Tex. Feb. 27, 2023).

Plaintiff then filed this action seeking declaratory, injunctive, and mandamus relief. He alleges that (1) BIA failed to terminate removal proceedings within a reasonable amount of time, in violation of the Administrative Procedure Act, 5 U.S.C. § 555(b), and the Immigration and Nationality Act ("INA") (Counts I, VII); (2) DHS and the Office of the Principal Legal Advisor ("OPLA") maintained nonviable removal proceedings against him and failed to respond to his motion to terminate removal proceedings within a reasonable amount of time, in violation of § 555(b) and the INA (Counts II, VIII); (3) ICE failed to terminate its supervision within a reasonable amount of time, in violation of § 555(b) and the INA, and should be ordered to do so under the Mandamus Act, 28 U.S.C. § 1361 (Counts III, VI, IX); (4) BIA has a ministerial obligation to terminate removal proceedings and should be ordered to do so under § 1361

---

[1] The Court may take judicial notice of other cases as matters of public record. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019).

(Count IV); and (5) DHS and OPLA failed to respond to Plaintiff's motion to terminate removal proceedings and request to terminate mandatory reporting requirements and should be ordered to do so under § 1361 (Counts V, VIII).

## II.   Order

### A.  Motion to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a § 1915(e) review of the claims in the Complaint and recommends that Plaintiff's claims should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

### B.  Application for Permission to File Electronically

Plaintiff also asks the Court to approve his request to become an electronic filing user in the United States District Court for the Western District of Texas. The Court hereby **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 3) and **ORDERS** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this action. If he has not already done so, Plaintiff is directed to review the "General Information" section on the "CM/ECF" tab on the United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov). Plaintiff shall submit a completed United

States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

### III.   Report And Recommendation

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "An action may be dismissed as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014). This is because *in forma pauperis* status "does not entitle a plaintiff to avoid the ordinary rules of *res judicata*." *Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993) (citing *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989)).

As stated, Plaintiff's petition for a writ of mandamus compelling the BIA to terminate his removal proceedings remains pending before the Third Circuit. Although Plaintiff seeks relief against additional defendants in this case, the underlying allegations and facts are the same and he could have brought those claims in his petitions to the Third Circuit. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of duplicative complaint as frivolous where complaint "repeats the same factual allegations that [plaintiff] asserted in his earlier case" against different defendants); *Johnson v. Hays Cnty.*, No. A-14-CA-834 LY, 2014 WL 5524144, at *3 (W.D. Tex. Oct. 31, 2014) (dismissing complaint against new defendants as frivolous because claims could have been tried in prior case), *R. & R. adopted*, Dkt. 5 (W.D. Tex. Nov. 26, 2014). Accordingly, the Court recommends that this duplicative lawsuit should be dismissed as frivolous.

## IV. Order and Recommendation

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and Application for Permission to File Electronically (Dkt. 3) are hereby **GRANTED**.

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2) and **DISMISS AS MOOT** his Motion to Appoint Counsel (Dkt. 1).

The Court **FURTHER ORDERS** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 22, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE